UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS E. PONCE-MELENDRES,

                                  Plaintiff,

        -against-

JOHN DOE ORANGE COUNTY JAIL
ADMINISTRATION OFF.; JOHN DOE
ORANGE COUNTY FACILITY; JOHN DOE
ORANGE COUNTY SHERIFFS OFF.,

                                  Defendants.

7:20-CV-7710 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

        Plaintiff Luis E. Ponce Melendres is an immigration detainee who is currently held in the

Bergen County Jail, in Hackensack, New Jersey. He brings this *pro se* action under 42 U.S.C.

§ 1983 seeking damages, and he sues: (1) "John Doe Orange County Jail Administration Off.,"

(2) "John Doe Orange County Facility," and (3) "John Doe Orange County Sheriffs Off." The

Court construes Plaintiff's complaint as asserting claims under § 1983 that Orange County Jail

("OCJ") officials failed to protect Plaintiff while he was held in that facility, as well as associated

claims under state law. By order dated December 4, 2020, the court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

        For the reasons discussed below, the Court dismisses Plaintiff's claims against the named

defendants. The Court also directs the Clerk of Court to add OCJ Correctional Officer Donohue,

OCJ Correctional Sergeant Colby, and the County of Orange as defendants. The Court further

---

[1] Because Plaintiff mentions the full names of his minor children in his IFP application, the Court has asked the Clerk of Court to restrict electronic access to that document to a "case-participant only" basis. *See* Fed. R. Civ. P. 5.2(a)(3) (court submissions must limit references to a minor's name to the minor's initials).

directs service on Donohue, Colby, and the County. And the Court directs Donohue, Colby, and the County to comply with Local Civil Rule 33.2.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing an individual defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Because Plaintiff does not allege any facts about the personal involvement of the named defendants, but does allege facts about other individuals and entities, the Court drops the named defendants and substitutes the others.

### A.      Rule 21 of the Federal Rules of Civil Procedure

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. This rule "afford[s]

courts discretion to shape litigation in the interests of efficiency and justice." *Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015).

### 1.      Dropping the named defendants

Under Rule 21, a court may drop a party if the party is improperly joined. *See Pac. Indem. Co. v. Conn. Light & Power Co.*, No. 3:94-CV-1658, 1997 WL 409522, at *1 (D. Conn. June 13, 1997). Plaintiff alleges nothing about the named defendants and therefore has not stated a claim against them or shown that they are properly joined to this action. *See* Fed. R. Civ. P. 20(a)(2) (defendants may be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action"). The Court therefore dismisses the claims against the named defendants.

### 2.      Adding new defendants

Under Rule 21, courts may add "an individual as a defendant in an action for claims under § 1983, though that individual is not named as a defendant in the complaint, because he or she is mentioned 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Batista v. Orange Cnty. Dep't of Mental Health*, No. 7:20-CV-5733, 2020 WL 6875011, at *2 (S.D.N.Y. Nov. 23, 2020) (citations omitted, alteration in original). In addition, "under Rule 21, courts have substituted as defendants municipalities for their agencies." *Id.* (citing cases).

While Plaintiff does not name Donohue and Colby as defendants, he refers to them in the complaint, and alleges enough facts to suggest their personal involvement in the events that are the basis of Plaintiff's claims under § 1983. Plaintiff also does not name the County as a defendant, but he names and refers to what appear to be County entities. The Court therefore adds Donohue, Colby, and the County of Orange to this action as defendants under Rule 21.

3

These amendments are without prejudice to any defenses Donohue, Colby, and the County may wish to assert.

**B.      Service on Donohue, Colby, and the County of Orange**

As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Donohue, Colby, and the County of Orange until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve Donohue, Colby, and the County until 90 days after the date that summonses are issued for those defendants. If the complaint is not served on Donohue, Colby, and the County within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on Donohue, Colby, and the County, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is further instructed to issue summonses for Donohue, Colby, and the County, and deliver to the Marshals Service all of the

paperwork necessary for the Marshals Service to effect service of the complaint on those defendants. Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

**C.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Donohue, Colby, and the County of Orange must serve responses to those standard discovery requests. In their responses, Donohue, Colby, and the County must quote each request verbatim.[2]

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the named defendants under Rule 21 of the Federal Rules of Civil Procedure.

The Court also directs the Clerk of Court to add Correctional Officer Donohue (Badge #303), Correctional Sergeant Colby (who is alleged to be in charge of the Orange County Jail's protective-custody unit), and the County of Orange as defendants in this action. Fed. R. Civ. P. 21.

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

The Court further directs the Clerk of Court to (1) issue summonses for Donohue, Colby, and the County of Orange, (2) complete USM-285 forms with the service addresses for those defendants, and (3) deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court directs Donohue, Colby, and the County of Orange to comply with Local Civil Rule 33.2 within 120 days of service of the complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 14, 2020
         White Plains, New York

_____
        VINCENT L. BRICCETTI
        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.     Correctional Officer Donohue, Badge # 303
       Orange County Jail
       110 Wells Farm Road
       Goshen, New York 10924

2.     Correctional Sergeant Colby
       Orange County Jail
       110 Wells Farm Road
       Goshen, New York 10924

3.     The County of Orange
       Law Department
       255-275 Main Street
       Goshen, New York 10924